LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 OCT 31 PM 1: 58

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

|  |  |
|---|---|
| GOVERNMENT OF GUAM, | ) CIVIL CASE NO. CV1378-10 |
| Plaintiff, | )<br>) |
| vs. | ) DECISION AND ORDER<br>) (Motion to Amend Complaint)<br>) |
| EVELYN O'KEEFE, on behalf of the heirs<br>of the J.M. Torres Estate, | )<br>) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 30, 2013, on the Government of Guam's Motion to Amend Complaint. The Government of Guam was represented by Assistant Attorney General William C. Bischoff. Evelyn O'Keefe, on behalf of the heirs of the J.M. Torres Estate, ("Defendant"), was represented by Attorney Joseph C. Razzano. Defendant's counsel was not present at the motion hearing. Following the hearing, the Court took the matter under advisement. After reviewing the briefs and applying applicable law, the Court now issues its Decision and Order **GRANTING** the Government of Guam's Motion to Amend Complaint.

## BACKGROUND

The Government of Guam filed a Complaint on August 16, 2010, for Cancellation of Instrument. In its Complaint, the Government of Guam prayed for a judgment cancelling of record the Notice of Renewal, Instrument Number 807758, and awarding the government damages from the defendant for the lost economic opportunity caused by it, in an amount not

ORIGINAL

less than $24,282.00 per year." *Gov't. of Guam's Complaint* (Aug. 16, 2010). Defendant filed her Answer on September 17, 2010. On September 21, 2010, the instant case was assigned to the Honorable Elizabeth Barrett-Anderson. Likewise, a bench trial was initially scheduled for October 19, 2011. *See Proposed Scheduling Order* (Oct. 22, 2010). On May 19, 2011, Defendant filed a Motion to Modify Joint Scheduling Order. An Order Granting Defendant's Motion to Modify Joint Scheduling Order was issued on July 19, 2011. On August 16, 2011, Defendant's Motion to Modify Joint Scheduling Order was rendered moot and an Amended Proposed Scheduling Order was adopted. Accordingly, a Bench Trial was now set for April 26 and 27, 2012.

The Government of Guam filed the instant motion to amend complaint on June 25, 2012. Defendant filed an opposition on October 2, 2012. The Government of Guam filed its reply on October 5, 2012.

The instant matter was assigned to this Court on March 27, 2013. This Court set Further Proceedings on April 30, 2013. Thereafter, the Court set a hearing on the instant motion on July 30, 2013.

## DISCUSSION

Guam Rules of Civil Procedure Rule 15(a) provides that a party must seek leave from the court to amend a complaint once an answer has been filed, but that such leave "shall be freely given when justice so requires." Guam Rules of Civil Procedure Rule 15(a) is identical to Federal Rules of Civil Procedure 15(a).

In *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.,* 2005 Guam 21, the Supreme Court of Guam has provided a framework for determining whether to grant or deny leave to amend a pleading under Rule 15(a) of the Guam Rules of Civil Procedure. The Supreme Court of Guam

adopted the rationale in *Foman v. Davis*, 371 U.S. 178. The United States Supreme Court determined in *Foman* that leave to amend should always be liberally granted. Guam Rules of Civil Procedure Rule 15(a), which is identical to Federal Rules of Civil Procedure 15(a), provides that leave to amend "shall be given when justice so requires." Guam R. Civ. P. 15(a). An "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Arashi*, 2005 Guam 21 ¶ 16 (quoting *Foman*, 371 U.S. at 182). Although leave to amend pleadings should be liberally granted, the court must review whether certain factors are present which may mitigate against leave to amend. *Id.* at 16.

In interpreting Federal Rules of Civil Procedure, The United States Supreme Court in *Foman* has identified four factors which might lead a court properly to deny leave to amend, which are: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182.

> "The purpose of the litigation process is to vindicate meritorious claims. Refusing solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy. Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading."

*Howey v. United States*, 481 F.2d 1187, 1190-1191 (9th Cir. 1973) (interpreting *Foman*). The Court must now apply the *Foman* factors in order to determine whether to permit the Government of Guam to amend its Complaint.

The first factor the Court must determine is whether the Government of Guam's proposed amendment of its complaint was done to unduly delay the proceedings. *See Foman*, 371 U.S. at 182. Plaintiff Government of Guam "prays for a judgment cancelling of record the Notice of

Renewal, Instrument Number 807758, and declaring the License Agreement entered into between the Guam Ancestral Lands Commission and the defendant revoked and terminated and no longer of any force or effect." *Pl's. Opp'n. to Mot. to Dismiss for Lack of Subject Matter Jurisdiction* (Jun. 25, 2012). The Government of Guam "moves the Court for leave to amend its complaint, so as to include a request for a declaratory judgment and a corresponding relief that the Court declare the license agreement at issue terminated, and no longer of any force or effect." *Id.*

The Government of Guam argues that "[n]o prejudice will be caused to the defendant by the proposed amendment, since it has long been understood by the defendant that the right of the Ancestral Lands Commission to terminate the license is at issue." *Pl's Mot. to Amend Complaint* at 2 (Jun. 25, 2013). Defendant opposes the Government of Guam's Motion to Amend because it is procedurally deficient and futile. *See Def'.s Opp'n Mot.* (Oct. 2, 2012). After reviewing the Government of Guam's proposed amended complaint, the Court determines that its proposed amended complaint was not done in order to delay the progression of this case. Defendant has not presented any evidence that the Government of Guam filed this motion in order to prevent this matter from moving forward.

The Court must determine whether the Government of Guam's proposed amendment of its complaint was done in bad faith. *See Foman,* 371 U.S. at 182. The Court does not have any evidence before it that would lead to the conclusion that the Government's amendment was done in bad faith.

The Court next must determine whether the Government of Guam has repeatedly failed to cure deficiencies by amendment previously allowed. *See Foman,* 371 U.S. at 182. The Court

determines that there is no evidence of the Government of Guam's habitual failures to amend any deficiencies to its complaint.

The Court finally must determine whether the Defendant will be unduly prejudiced by the allowance of the Government of Guam's amendment of its Complaint. *See Foman*, 371 U.S. at 182. Defendant argued that the Scheduling Order effects the time limit for filing motions. *Def'.s Opp'n Mot.* (Oct. 2, 2012). The Court determines that there is no prejudice in allowing the Government of Guam to amend its Complaint. Absent prejudice there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Therefore, the Court will grant the Government of Guam's Motion for Leave to Amend Complaint.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Amend Complaint

Further Proceedings is set for *Nov. 21, 2013* at 9:30 *a.m.*

**SO ORDERED** this 31 day of OCTOBER, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 3 1 2013

Alvimar L. Quitoriano
Deputy Clerk, Superior Court of Guam